UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HECTOR ENAMORADO, <br><br> Defendant. | Case No. 1:15-CR-10338-20-FDS |

### THE UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE PAYMENT FROM DEFENDANT'S INMATE TRUST ACCOUNT

The United States of America (the "United States"), pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), hereby files this Motion to Authorize Payment from Defendant's Inmate Trust Account (the "Motion") requesting entry of an Order authorizing the Bureau of Prisons (the "BOP") to turnover to the Clerk of the Court all funds held in the inmate trust account for the above named defendant as payment towards the criminal monetary penalties imposed in this case. In support of this Motion, the United States submits the following statements:

### BACKGROUND

1. On April 23, 2018, a jury verdict was entered against the defendant, Hector Enamorado (the "Defendant") and he was found guilty on one (1) count of Conspiracy to Conduct Enterprise Affairs through a pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d). Doc. No. 2341.

2. On October 2, 2018, The United States District Court entered a Judgment in a Criminal Case (the "Judgment") against the Defendant ordering him to serve life. In addition, the Court ordered the Defendant to pay a $100.00 special assessment. Doc. No. 2754.

3. On July 16, 2019, The United States District Court entered an Amended Judgment in a Criminal Case (the "Amended Judgment") against the Defendant ordering him to serve life. In addition, the Court ordered the Defendant to pay $100.00 special assessment and restitution in the amount of $32,984.03.  Doc. No. 3046.

4. To date, the Defendant has paid $0.00 towards the special assessment and $0.00 towards restitution.[1]

5. The Defendant remains in federal custody and is currently assigned to United States Penitentiary Victorville. Defendant is not scheduled to be released from federal custody due to a life sentence.

6. The United States was recently informed that the Defendant has approximately $1,562.94 in his inmate trust account, which is maintained by the BOP.[2]  In accordance with its regulations, the BOP deposited these funds into the Defendant's trust account and, upon information and belief, it currently maintains these funds belonging to the Defendant in its possession, custody, or control.

7. As such, the United States requests that this Court enter an Order authorizing the BOP to turnover all funds held in the inmate trust account for the Defendant to the Clerk of Court as payment for the criminal monetary penalties imposed in this case.

---

[1] Pursuant to 18 U.S.C. § 3612(c), criminal payments are applied first to the special assessment imposed under 18 U.S.C. § 3013, then to restitution to victims under 18 U.S.C. § 3664.

[2] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources.  28 C.F.R. §§ 506.1, 545.11.  Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id*.  Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R.  § 540.23.

## ARGUMENT

8.     By Congressional mandate, the United States has a statutory duty to collect restitution owed to crime victims.  See 18 U.S.C. § 3612(c) and 3771(c).  Title 18, United States Code, section 3613 sets forth procedures for the United States to enforce criminal monetary penalties, including restitution and fines.  See 18 U.S.C. §§ 3613(a) and (f).  Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all of the Defendant's property and rights to property, including the Defendant's interest in funds held by the BOP in his inmate trust account.  See 18 U.S.C. §§ 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

9.     The MVRA grants the United States the power to pursue all available and reasonable means to collect on the restitution debt ordered by the Court. 18 U.S.C. §§ 3613(a), 3664(m)(1)(A).  The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation.  See 18 U.S.C. § 3664(n).

10.    Further, the Crime Victim Rights Act ("CVRA") affords victims of crime the right to full and timely restitution as provided in law.  See 18 U.S.C. § 3771(a)(6).  The CVRA also requires the court to ensure that victims are afforded this right, § 3771(b), and the attorney for the government to make his best efforts to accord a victim's right to restitution, § 3771(c).

11.    Courts have found these statutes create a mechanism by which the United States may request the turnover of funds from an inmate trust account to be applied to restitution.[3]

---

[3] *See United States v. Giles 2020 WL 5289948, 819 Fed. Appx. 899 (11th Cir. Sept. 4, 2020) (*in affirming the district court's turnover order, the appellate court relied in part on 18 U.S.C. 3664(k) and noted that "[o]ver time, the accumulation of cash in [defendant's] inmate account constituted a 'material change' in his ability to pay that he was obliged to report to, yet withheld from, the district court."); *United States v. Poff*, 727 Fed. Appx. 249, 253 (9th

12. The United States submits that an Order authorizing the turnover of the Defendant's property is appropriate here and the United States is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. The funds currently at issue are in the possession of the United States and it has a valid lien against this property.

13. Furthermore, because the property is cash, it does not fall within any of the applicable categories of exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Federal law provides that, for federal criminal debts, such as restitution and fines, the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, an personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, the Defendant cannot

---

Cir. 2018) (affirming turnover order for funds held in inmate trust account pursuant to § 3664(n), finding no pre-deprivation hearing required where encumbered funds were not needed for defendant's subsistence, entirety of the funds was subject to a statutory lien based on an adjudicated judgment, and funds were only frozen—not distributed—pending resolution of a motion before a district court), *vacated on other grounds in Poff v. United States*, 139 S. Ct. 790 (2019); *United States v. Lemberger*, 673 Fed. Appx. 579, 580 (7th Cir. 2017) (affirming turnover of funds in inmate trust account pursuant to §§ 3664(m) and (n); *United States v. Diehl*, 848 F.3d 629, 634-35 (5th Cir. 2017) (affirming turnover order for defendant's inmate trust account in accordance with § 3613); and *United States v. Grant*, 235 F.3d 95, 99-101 (2d Cir. 2000) (affirming order directing application of inmate trust funds pursuant to § 3664(k)). The Court of Appeals for the Fifth Circuit has a recent internal split on the issue of substantiality. *Compare* United States v. Hughes, 914 F.3d 947, 951 (5th Cir. 2019) (rejecting argument that $3,464.85 in accumulated prison earnings was substantial under § 3664(n) and declining to apply § 3664(k) to modify payment schedule) with United States v. Rand, 924 F.3d 140, 141 (5th Cir. 2019) (accepting argument that approximately $1,684.57 in inmate trust account was "substantial resource" requiring turnover).

properly claim that the funds held in his inmate trust account are exempt from payment of his restitution obligation.

14. Additionally, the Defendant has not notified this Court that he recently received these funds as required under the MVRA. Federal law states that the Defendant must notify the Court and the United States of any material change in his "economic circumstances" that might affect his ability to pay his restitution obligation. 18 U.S.C. § 3664(k). Specifically, pursuant to 18 U.S.C. § 3664(k), "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." The accumulation of more than $1,562.94 in funds by the Defendant here constitutes a material change in his "economic circumstances" that affects his ability to pay his restitution obligation under § 3664(k).

15. The United States has served the Defendant with a copy of this motion. The United States is not aware of any other party who may claim an interest in this property.

16. The United States submits that the requested relief is reasonable and appropriate in this instance. From the perspective of the victims, the requested relief will result in a substantial payment toward the Defendant's restitution obligation. Without this relief, the BOP will be required to allow the Defendant to access to these funds, granting him the opportunity to possibly dissipate, conceal, or transfer the funds without first paying his restitution debt.

17. The Defendant is not scheduled for release from BOP custody due to his life sentence. He was convicted of serious criminal offenses, his restitution obligation has remained outstanding for approximately two years, and he has made no effort to pay off his

debt.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the United States respectfully requests that this Court enter an Order authorizing the BOP to turnover all funds held in the inmate trust account for the Defendant to the Clerk of Court as payment for the criminal monetary penalties imposed in this case.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

NATHANIEL R. MENDELL
Acting United States Attorney

Date: May 19, 2021         By:      /s/ Brendan T. Mockler
BRENDAN T. MOCKLER
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel. No. (617) 748-3100
Brendan.mockler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true copy of the above document was filed through the ECF system and electronically served on any registered participants.

I further certify that on this date, I served a copy of the same by first-class U.S. mail, postage pre-paid, to the following:

Hector Enamorado, U.S.M. No. 99417-038
USP Victorville
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301

Date: May 19, 2021         /s/ Brendan T. Mockler
BRENDAN T. MOCKLER