UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR ENAMORADO, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br> ) | Crim. Action No.<br>15-10338-FDS-20 |

### MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

**SAYLOR, C.J.**

Petitioner Hector Enamorado has moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) on the ground that the Court erred in denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

### I.  Background

On May 15, 2017, a federal grand jury returned a fifth superseding indictment charging Enamorado with conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). On April 23, 2018, following a nineteen-day trial, a jury convicted him of that charge and returned a special finding that he had committed or knowingly participated in the December 2014 murder of Javier Ortiz. Enamorado was sentenced on October 2, 2018, to a term of life in prison. On October 4, 2018, he filed a notice of appeal.

On July 26, 2021, the First Circuit affirmed the judgment, finding that Enamorado's "challenges [did] not have merit." *United States v. Pérez-Vásquez*, 6 F.4th 180, 186 (1st Cir.

2021).[1]

On June 19, 2023, Enamorado filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court denied that motion on April 16, 2024, holding that the motion was untimely, procedurally defaulted, and without merit.

On January 17, 2025, Enamorado filed this motion for relief from judgment under Fed. R. Civ. P. 60(b)(1), seeking reconsideration of his § 2255 motion. On March 2, 2025, the government filed an opposition to the Rule 60(b)(1) motion.

## II.  Legal Standard

The evaluation of a motion for relief brought under Fed. R. Civ. P. 60(b) is "committed to the district court's sound discretion." *Stonkus v. City of Brockton Sch. Dept.*, 322 F.3d 97, 100 (1st Cir. 2003). Rule 60(b)(1) permits a court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has construed "excusable neglect" as "a somewhat 'elastic concept' . . . not limited strictly to omissions caused by circumstances beyond control of the movant." *Deo-Agbasi v. Parthenon Grp.*, 229 F.R.D. 348, 350-51 (D. Mass. 2005) (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

Because "relief under Rule 60(b) is extraordinary in nature[,] . . . motions invoking that rule should be granted sparingly." *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Thus, a party seeking relief under Rule 60(b) must, at minimum, establish "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the

---

[1] On October 25, 2021, Enamorado filed a petition for a writ of certiorari to the U.S. Supreme Court. The petition was denied on February 28, 2022.

2

judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Id.* at 3-4. District courts are "best positioned to examine [those] criteria," *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38 (1st Cir. 2013), and thus have broad discretion to determine whether a Rule 60(b) motion ought to be granted, *see Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir. 1997).

### III.    Analysis

In his Rule 60(b)(1) motion, petitioner asserts that the Court's § 2255 order contained two errors. First, he contends that the Court incorrectly held that his claims were time-barred and not subject to equitable tolling. He does not suggest that the Court employed an incorrect legal standard or failed to consider relevant facts. Rather, he simply objects to the Court's conclusion that equitable tolling was improper, and he reiterates points previously raised in his § 2255 motion—specifically, that he diligently pursued his rights and that he had limited access to his personal property and legal materials while in custody.

The Court considered each of those arguments in its § 2255 order, noting that even if petitioner had been pursuing his rights diligently, he failed to demonstrate extraordinary circumstances, as required under the governing standard. Here, again, petitioner fails to explain how the lack of access to his personal belongings caused the untimely filing or otherwise justifies equitable tolling. Petitioner has thus not demonstrated that the Court erred in concluding that his § 2255 motion was time-barred.

Second, petitioner contends that the Court erred in holding that his claim of ineffective assistance of counsel was procedurally defaulted. He asserts that his trial and appellate counsel improperly failed to object to the jury instructions, which he suggests wrongly permitted the jury

to find a RICO violation based only on one predicate act. In its § 2255 order, the Court stated that although petitioner's claim is framed as one of ineffective assistance, it is more properly read as a substantive challenge to the jury instructions themselves. Because petitioner could have, but did not, assert that claim on his appeal to the First Circuit, collateral review of his claim was deemed to be barred. *See Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002).

However, even if petitioner's claim were viewed as one of ineffective assistance—and thus not procedurally defaulted—his claim still fails because he has not shown that his counsel's performance was legally deficient or caused him prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that a petitioner bringing a claim of ineffective assistance must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result). Nor could he; the Court properly instructed the jury that the government must prove that defendant or another member of the conspiracy agreed to commit at least two racketeering acts. Because the jury instruction correctly stated the law, any objection made by counsel would have been overruled by the Court. Accordingly, counsel's failure to object to the jury instructions was neither deficient nor prejudicial, rendering petitioner's claim of ineffective assistance meritless. *See id.* And, again, his § 2255 motion as a whole was untimely, rendering his objections waived.

Thus, petitioner has not identified any mistake warranting relief from the Court's § 2255 order.

### IV. Conclusion

For the foregoing reasons, defendant's motion for relief from judgment under Fed. R. Civ. P. 60(b)(1) is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
Dated: April 2, 2025                            Chief Judge, United States District Court