# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) | |
| | ) | |
| | ) | **Crim. Action No.** |
| **v.** | ) | **15-10338-FDS-20** |
| | ) | |
| **HECTOR ENAMORADO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On May 15, 2017, a federal grand jury returned a fifth superseding indictment charging

Hector Enamorado with conspiracy to conduct enterprise affairs through a pattern of racketeering

activity in violation of 18 U.S.C. § 1962(d).  On April 23, 2018, following a nineteen-day trial, a

jury convicted him of that charge and returned a special finding that he had committed or

knowingly participated in the December 2014 murder of Javier Ortiz.  Enamorado was sentenced

on October 2, 2018, to a term of life in prison.  On October 4, 2018, he filed a notice of appeal,

and on July 26, 2021, the First Circuit affirmed the judgment.  *See United States v. Pérez-*

*Vásquez*, 6 F.4th 180, 186 (1st Cir. 2021).[1]  He is currently incarcerated at FCI Lewisburg in

Lewisburg, Pennsylvania.

On June 19, 2023, Enamorado filed a motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255.  The Court denied that motion on April 16, 2024, holding that the

---

[1] On October 25, 2021, Enamorado filed a petition for a writ of certiorari to the U.S. Supreme Court.  The petition was denied on February 28, 2022.

motion was untimely, procedurally defaulted, and without merit.

On January 17, 2025, Enamorado filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1), seeking reconsideration of his § 2255 motion. The Court denied that motion on April 2, 2025.

On June 10, 2024, Enamorado filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The government did not file an opposition brief. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies. On May 12, 2024, he filed a request with the warden of FCI Lewisburg to move for a sentence reduction on his behalf. (Def. Ex. B). More than 30 days have passed since his request was received, and therefore the court has jurisdiction to consider his request. *See* 18 U.S.C. § 3582(c)(1)(A).[2]

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in 18 U.S.C. § 3553, it finds that "extraordinary and compelling reasons warrant such a

---

[2] It is unclear from the record whether defendant has exhausted the appeals process of the Bureau of Prisons. In any event, the government did not file an opposition brief and thus the issue does not appear to be contested.

reduction" and "such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *Id.* "Extraordinary and compelling reasons" include medical

condition, age, family circumstances, victim of abuse, unusually long sentence, or other reasons

as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13(b)

(2024).

Here, defendant contends that he has multiple "extraordinary and compelling" reasons to

reduce his sentence to time served. First, he asserts that he has endured an unreasonably punitive

condition of confinement because he has been incarcerated throughout the entirety of the

COVID-19 pandemic. However, he does not indicate why the COVID-19 pandemic poses a

particularly dangerous risk to him that would justify a reduction in his sentence. It is true that

the Center for Disease Control and Prevention recognizes that individuals with certain risk

factors have an "increased risk for getting very sick from COVID-19." CENTER FOR DISEASE

CONTROL AND PREVENTION, *People with Certain Medical Conditions and COVID-19 Risk*

*Factors* (Apr. 2, 2025), https://www.cdc.gov/covid/risk-factors/index.html. But defendant does

not contend that he suffers from a single risk factor—let alone, multiple risk factors—for

complications from COVID-19, such as advanced age or underlying medical conditions. *See id.*

(stating that the "risk of severe illness from COVID-19 increases as the number of your

underlying medical conditions increases"). With no apparent risk factor increasing his likelihood

of serious illness or death from contracting the COVID-19 virus, defendant cannot establish that

the coronavirus pandemic has created an extraordinary and compelling reason to reduce his

sentence.

Next, defendant asserts that his life sentence is unusually long and should be reduced.

Under § 1B1.13(b)(6) of the Sentencing Guidelines Manual, "[i]f a defendant received an

unusually long sentence and has served at least 10 years of the term of imprisonment, a change in

the law . . . may be considered in determining whether the defendant presents an extraordinary

and compelling reason." U.S.S.G. Manual § 1B1.13(b)(6). Defendant's claim fails for multiple

reasons. First, his sentence of life in prison is not unusually long. He was not only convicted of

a RICO conspiracy involving drug trafficking and acts of violence, but he was also convicted of

committing or knowingly participating in a murder. Those convictions justify a term of life in

prison. *See United States v. Gonzalez*, 981 F.3d 11, 23 (1st Cir. 2020) (upholding a life sentence

of a defendant convicted of RICO conspiracy and murder, and stating that "[c]ourts should tailor

sentences to respond to the culpability of individual defendants and to the nature and

circumstances of the crimes they have committed"). Moreover, defendant has not served at least

10 years of his prison term, nor has there been a relevant change in the law concerning his

sentence. Thus, defendant's life sentence does not warrant a reduction under the Sentencing

Guidelines Manual.

Defendant next contends that there was an error of law in the course of his proceedings.

Specifically, he asserts that "the jury should have decided the degree of murder based on a

standard of beyond a reasonable doubt, not the district court by a preponderance of the

evidence." (Def. at 9). Defendant raised the same claim in his § 2255 motion and on appeal to

the First Circuit, which rejected that claim on the merits, finding that petitioner's argument was

"foreclosed" by its decision in *Gonzalez*, 981 F.3d 11. *Pérez-Vásquez*, 6 F.4th at 204. In that

case, the First Circuit held that "judicial factfinding undertaken for purposes of constructing a

defendant's advisory guideline sentencing range," *Gonzalez*, 981 F.3d at 16, was not precluded

by the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which held that

"any fact that necessitates an increase in the mandatory minimum sentence for a crime . . . must

be found by the jury beyond a reasonable doubt." For that reason, petitioner's claim remains

meritless, and does not constitute an extraordinary and compelling reason to reduce his sentence.

Finally, defendant contends that he has enrolled in a number of educational and skills-

training programs while in prison, demonstrating that he has been rehabilitated and that

additional prison time is unnecessary. Under § 1B1.13(d) of the Sentencing Guidelines Manual,

"rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for

purposes of this policy statement," though it "may be considered in combination with other

circumstances in determining whether and to what extent a reduction in the defendant's term of

imprisonment is warranted." U.S.S.G. Manual § 1B1.13(d). There are no extraordinary and

compelling reasons to reduce defendant's prison term in this case, and therefore his participation

in educational courses does not warrant an early release.

Beyond that, the sentencing factors set forth in § 3553 do not favor release. First,

defendant's conduct was dangerous in multiple respects. Not only did he conspire to traffic

narcotics and commit acts of violence, but he also committed a murder. Second, if defendant is

released now, he will have served only six-and-a-half years of his life sentence. Such an

outcome would not properly reflect the seriousness of his offenses or provide adequate

deterrence to criminal conduct. 18 U.S.C. § 3553.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18

U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/  F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  April 2, 2025 | Chief Judge, United States District Court |

5